DAVID RIBBLE v. EDGAR STARRAT.

[See 79 Mich. 204.]

*Contributory negligence—Charge to jury.*

A request for an instruction in a negligence case that if the defendant knew that the plaintiff was about to oil a saw, and assented to it, and while plaintiff was oiling it negligently pushed plaintiff onto the saw, he may recover damages for the injuries thereby occasioned, is defective in omitting the important element of plaintiff's non-negligence.

Error to Wayne. (Hosmer, J.) Argued October 15, 1890. Decided November 14, 1890.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James D. May (John J. Speed,* of counsel), for appellant.

*C. I. Walker* and *E. G. Stevenson,* for defendant.

LONG, J. This cause was once before this Court, and is reported in 79 Mich. 204. In the former trial, plaintiff had judgment, which was reversed, and a new trial ordered. A new trial has been had before a jury, and verdict and judgment rendered for the defendant. The plaintiff now bring the case to this Court by writ of error.

The allegations in the declaration were somewhat set forth in the former opinion by Mr. Justice GRANT, and need not be restated. It is an action of trespass on the case against defendant for negligently causing a personal injury to the plaintiff by hitting him with a board while he was oiling a circular buzz-saw, then in motion, in the

performance of his duty to his employers. The facts shown upon the trial, as stated in the record, are briefly, as follows:

"The plaintiff, on his part, testified that he was an employé in the planing-mill of Morton & Backus, in the city of Detroit; that the defendant was engaged, on the day on which plaintiff was injured, in using a cross-cut circular saw. Defendant was not an employé in the mill, but had had some lumber planed in the mill, and, in order to hasten its delivery, was himself using the saw to square the ends of the boards. That the foreman in the mill said to plaintiff that defendant was burning up the saw, and directed him to oil the saw; that plaintiff, who had been engaged in working on a planer, went to the saw, and said to the defendant that he was going to oil the saw, whereupon the defendant stepped back so as to allow him to do so, and the plaintiff then proceeded to oil the bearings of the saw, and he had oiled one of them, and was engaged in oiling the other, when he was struck on the shoulder with a board by the defendant with such force as to push him forward, and onto the saw, which cut his wrist, and injured him severely. The saw was hung by a frame from the ceiling so as to allow it to be brought forward by a swinging motion, the boards being placed on the saw table transversely to the movement of the saw frame. While engaged in oiling the bearings, plaintiff testified he held the can in his left hand, and with his right he held a file, with the point of which he removed the saw-dust which had accumulated in the holes into which the oil was poured. The saw was not stopped while plaintiff was oiling. There was a guard which covered the saw, excepting the portion within about three and one-half inches of the saw table, and the plaintiff testified there was no danger in oiling the saw while in motion, and the defendant's witness Furnier also testified to the same effect. Plaintiff further testified that the effect of the blow from the board was to cause him to lose his balance, and involuntarily he put out his hand to save himself from being thrown onto the saw, and in doing so he put his wrist in contact with the saw, causing the injury. He further testified that he had oiled this machine, and other machinery in the mill, a number of times, and was familiar with the proper way of doing it.

"The defendant testified that he was engaged in sawing off the ends of boards, using the saw by which the plaintiff was injured; that plaintiff did not inform him that he intended to oil the machine, and he did not know he was doing so until after plaintiff was injured. Furnier, a witness on the part of defendant, the foreman and manager of the mill, and from whom the plaintiff got his orders, testified that it was not part of plaintiff's duty to oil the machine, and he did not direct him to oil it, as sworn by plaintiff, and that plaintiff had nothing to do with the saw, and had no right to do anything in relation thereto without instructions, and that it was his rule not to allow anybody to oil the saw when it was running, and he had instructed the plaintiff not to oil the saw while in motion, but there was no danger in so oiling it if one knew what he was doing.

"The foregoing is a substantial statement of all the circumstances under which the plaintiff was injured. After the testimony was closed, the jury were permitted to go to the mill and see the machine by which the plaintiff was injured."

The assignments of error all relate to the charge of the court, as given, and the refusal of the court to charge as requested by counsel for the plaintiff. Counsel for the plaintiff requested the court to charge the jury—

"That if the defendant knew the plaintiff was about to oil the saw, and assented to it, and while plaintiff was so engaged the defendant negligently pushed the plaintiff onto the saw, then the plaintiff may recover damages for injuries occasioned thereby."

When the case was in this Court before, it did not appear that plaintiff notified defendant that he was about to oil the machinery, or that defendant knew he was oiling it. The plaintiff now testifies that he went to the saw, and said to the defendant that he was going to oil it, whereupon the defendant stepped back so as to allow him to do so, and the plaintiff then proceeded to oil the bearings of the saw, etc., when he was struck on the shoulder with a board by the defendant with such force

as to push him forward, and· onto the saw.   The defense was:

1. That the plaintiff had no right or duty to oil the saw.

2. That defendant was rightfully using the saw, and plaintiff, without his knowledge or consent, came and meddled with it.

3. That plaintiff did not give him notice that he was about to meddle with it, nor did he know it until after the accident occurred.

Defendant's counsel contend that there was no error in refusing the above request, as the court fully stated the law upon that branch of the case, and that from his own testimony the plaintiff was guilty of contributory negligence.   From an examination of the charge, it does not appear that this request was given.   The court, in speaking of the allegations in the declaration, said that the averment that he was engaged in the performance of a duty in oiling the saw is a material one, and that the *onus* was on the plaintiff to prove that fact.   The court then stated:

"I charge you further in this connection that, if you find that the plaintiff was not in the performance of a duty in oiling the saw, you cannot find a verdict against the defendant, because the plaintiff must prove by a preponderance of testimony that the defendant was guilty of gross negligence and malice in pushing him upon the saw, and there is no evidence of such gross carelessness or malice; and if you should find that he was not in the performance of a duty in oiling the saw, then under those circumstances the defendant would be entitled to a verdict."

This was stating the proposition contained in plaintiff's request in a negative way, and plaintiff would have had a right to complain of the refusal of the court ·to instruct the jury as requested, if the request had gone far enough, and contained all the elements necessary to the plaintiff's recovery.   But it fell short of this, and lacked one

important element; that is, that the plaintiff himself was free from negligence. If the defendant did know that the plaintiff was about to oil the saw, and assented to it, and while the plaintiff was so engaged the defendant negligently and carelessly pushed him onto the saw, then the plaintiff would have had a right to recover, provided he was not guilty of contributing to his own injury in attempting to oil the saw as he did. As the request was framed, however, the court was not in error in refusing it.

It is further contended by counsel for plaintiff that the court was in error in stating to the jury:

"If you find from the testimony it was dangerous and careless for the plaintiff, standing in front of the saw, to attempt to oil the bearings, while the saw was in motion, with his left hand, then you must render a verdict for the defendant, even though you should be satisfied from the proofs that the defendant negligently struck him with the board."

This contention is based upon the testimony of the plaintiff and Mr. Furnier, the foreman, that there was no danger in so oiling if one knew what he was doing, and that there was no testimony showing it to be negligent or careless to oil the saw while in motion. All the claim made upon the trial by the defendant was that it was negligent to oil with the left hand, as the plaintiff testified that he was familiar with the manner of oiling, and had oiled this and other machinery a number of times. There was no error in this part of the charge. The circumstances surrounding the transaction had been fully detailed to the jury. They had visited the mill, and they had a right to say whether it was careless and negligent for the plaintiff, under the circumstances, to attempt to oil that saw while in motion, and to do so with the left hand. The situation of the saw, the place where the plaintiff stood, and all the other circumstances

and surroundings, as well as the testimony of witnesses, were to be taken into consideration by the jury in determining, as a matter of fact, whether it was negligent to oil the saw as he did. The court very properly stated to the jury in that connection:

"And, when I speak to you of contributory negligence, I mean this: The plaintiff cannot recover in the case unless you should find that the plaintiff was himself free from contributory negligence, and if you should find that a reasonably prudent man, in the exercise of prudence, would not or should not have oiled the saw when in motion, why then, gentlemen, that would be such an act as would constitute contributory negligence."

We find no error in the case, and the judgment must be affirmed, with costs.

CHAMPLIN, C. J., CAHILL and GRANT, JJ., concurred. MORSE, J., did not sit.